**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE: MID-AIR COLLISION IN WASHINGTON, D.C., JAN. 29, 2025** | |
| TIMOTHY LILLEY, Individually and as Independent Administrator of the Estate of SAMUEL LILLEY, deceased, <br> Plaintiff, | Lead Case No:  1:25-cv-03382-ACR <br><br> Case No: 1:26-cv-02570 |
| -v.- | **SHORT FORM COMPLAINT** |
| UNITED STATES OF AMERICA, <br> Todd Blanche, in his official capacity as U.S. Attorney General <br> U.S. Department of Justice <br> 950 Pennsylvania Avenue N.W. <br> Washington, D.C. 20530-0001 <br><br> Defendants. | |

Plaintiff TIMOTHY LILLEY, Individually and as Independent Administrator of the Estate of SAMUEL LILLEY, deceased, respectfully allege as follows:

1.      Plaintiff refers and incorporates herein by reference the Master Complaint, and any and all later amendments thereto, filed in IN RE: MID-AIR COLLISION IN WASHINGTON, D.C., ON JAN. 29, 2025, as though fully set forth herein, insofar as it pertains to Defendant UNITED STATES OF AMERICA.  Plaintiff here adopts the First Amended Master Complaint to the extent set forth herein, as it pertains to claims against the Defendant, UNITED STATES OF AMERICA, and agrees to be bound by any rulings with respect to the pleadings of the Master Complaint with respect to claims against the Defendant, UNITED STATES OF AMERICA.

1

2.    Plaintiff adopts each of the general allegations of the First Amended Master Complaint except for those paragraph numbers set forth here: 1-7, 10-15, 21-23, 29-117, 134, 137-142, 147-158, 161, 162, 164, 165, 167, 168, 170, 174-181, 183-185, 187, 188, 192, 194-201, and any other paragraphs set forth and/or suggest criticisms of Plaintiff's Decedent, SAMUEL LILLEY, and other Flight AE5342 crew members.

## CLAIMS AGAINST DEFENDANTS

3.    Plaintiff brings those Counts, as applicable, against each of the Defendants in the Master Complaint checked below:

☐    AMERICAN AIRLINES, INC.

☐    PSA AIRLINES, INC.

☒    UNITED STATES OF AMERICA

4.    Plaintiffs incorporate by reference each of the Causes of Action in the Master Complaint checked below:

*As against AMERICAN AIRLINES, INC.:*

☐    First Cause of Action for Wrongful Death Based Upon Common Carrier Duty

☐    Second Cause of Action for Survival Based Upon Common Carrier Duty

☐    Third Cause of Action for Wrongful Death Based Upon Negligence

☐    Fourth Cause of Action for Survival Based Upon Negligence

*As against PSA AIRLINES, INC.:*

☐    Fifth Cause of Action for Wrongful Death Based Upon Common Carrier Duty

☐    Sixth Cause of Action for Survival Based Upon Common Carrier Duty

☐    Seventh Cause of Action for Wrongful Death Based Upon Negligence

☐      Eighth Cause of Action for Survival Based Upon Negligence

*As against UNITED STATES OF AMERICA:*

☒      Ninth Cause of Action for Wrongful Death Based Upon Negligence

☒      Tenth Cause of Action for Survival Based Upon Negligence

## PLAINTIFF'S INFORMATION:

5.      Decedent, SAMUEL LILLEY, was the First Officer of the CRJ aircraft who was killed in the crash of his American Eagle Flight 5342 ("AE 5342") on January 29, 2025.

6.      SAMUEL LILLEY, at the time of his death, had been residing in North Carolina, but maintained a permanent relationship with his home state of Georgia.

7.      Plaintiff TIMOTHY LILLEY is a citizen and resident of Georgia and was the lawful father of SAMUEL LILLEY, deceased, at the time of SAMUEL LILLEY's death.

8.      Plaintiff TIMOTHY LILLEY brings this lawsuit individually on his own behalf and as Independent Administrator of the Estate of SAMUEL LILLEY, deceased, as well as on behalf of DANNAH LILLEY, JOSHUA LILLEY, TIFFANY GIBSON, LYDIA COLES, and all other lawful beneficiaries under applicable law.

9.      On or about March 24, 2025, the General Court of Justice, Superior Court Division for Mecklenburg County, North Carolina issued an order appointing TIMOTHY LILLEY Administrator of the Estate of SAMUEL LILLEY. Therefore, he has standing to assert both wrongful death and survival claims on behalf of all beneficiaries of SAMUEL LILLEY and brings this lawsuit in his representative capacity.

3

## PLAINTIFF'S ADMINISTRATIVE CLAIM

10.    On or about February 28, 2025, Plaintiff TIMOTHY LILLEY, on behalf of himself and the Estate of SAMUEL LILLEY deceased, served his initial administrative claims upon the FAA.

11.    On or about February 28, 2025, Plaintiff TIMOTHY LILLEY on behalf of himself and the Estate of SAMUEL LILLEY, deceased, served his initial administrative claims upon the United States Army ("Army").

12.    The USA:

☒    did not serve any formal response either accepting or denying any of the aforementioned claims within six months of filing, as set forth in 28 U.S.C. § 2675(a).  This therefore constitutes a final denial of the claims entitling Plaintiff to file this complaint pursuant to 28 U.S.C. § 2675(a).

and/or

☐    the FAA denied Plaintiff's claims on [DATE OF DENIAL] on behalf of both the FAA and United States Army ("Army").

## PLAINTIFF'S DAMAGES

13.    Plaintiff requests all available wrongful death and survival economic and non-economic damages in an amount according to proof at trial, including but not limited to the following:

☒    DECEDENT's unusual G-forces, physical injuries, conscious pain and suffering, mental anguish, emotional distress, fear of impending death, and other injuries and damages that ultimately caused his/her death;

4

☒ the loss of the gross earnings and all benefits and compensation of the DECEDENT during his lifetime to the extent allowed by applicable law;

☒ the loss of the full value of the life of the DECEDENT;

☒ loss of the parental and/or familial relationship arising from the death of the DECEDENT;

☒ the loss of financial support and contribution of the DECEDENT;

☒ loss of services;

☒ loss of inheritance;

☒ loss of accumulations;

☒ full pecuniary loss of the DECEDENT;

☒ loss of past and future income, support, society, love, grief, consortium, solatium, services, guidance, care, comfort, and companionship of the DECEDENT;

☒ loss of life's pleasures;

☒ loss of enjoyment of life of the DECEDENT;

☒ mental anguish and mental pain and suffering that the heirs, beneficiaries and distributees of the DECEDENT's Estate were caused to incur;

☒ other necessary and reasonable expenses as a result of the DECEDENT's death;

☒ attorneys' fees, costs and other damages permitted under applicable laws;

☒ pre- and post-judgment interest on all damages as allowed by law;

☒    all costs of suit herein;

☒    such other and further relief as the Court shall deem just and proper and which are available under applicable law;

☐    Other (specify):

## ADDITIONAL ALLEGATIONS, IF ANY

14.    Decedent, SAMUEL LILLEY, was the First Officer of flight AE 5342 on January 29, 2025 when PAT25 collided with AE 5342.

15.    SAMUEL LILLEY was born and raised in Georgia and resided primarily in the Savannah, Georgia area.

16.    SAMUEL LILLEY completed all of his schooling from kindergarten through high school graduation in Bryant County, Georgia, in the Savannah suburban area.

17.    SAMUEL LILLEY attended and completed high school at Richmond Hill High School in Richmond Hill, Georgia, which is in the Savannah suburban area, graduating in 2014.

18.    Growing up, SAMUEL LILLEY attended services at Coastal Community Church in Richmond Hill, Georgia on weekends he was living with his mother, DANNAH LILLEY, and attended services at Savannah Christian Church (now named Compassion Christian Church) on weekends he was living with his father, Plaintiff TIMOTHY LILLEY.

19.    SAMUEL LILLEY attended and completed his undergraduate studies in Georgia at Georgia Southern University in Statesboro, Georgia (about a one-hour drive from Savannah), graduating in 2019.

20.    SAMUEL LILLEY's first employment position following the completion of his undergraduate studies was located in Atlanta, Georgia.

21.     SAMUEL LILLEY then followed in the footsteps of his father, Plaintiff TIMOTHY LILLEY, who then did and still does reside in Savannah Georgia, in pursuing a career as a commercial pilot in 2019, into 2020.

22.     SAMUEL LILLEY attended and completed flight school at ATP Flight School in Daytona Beach, Florida, where he received licensure in the following: Private; Instrument; Commercial; Multi Engine; Certified Flight Instructor; Certified Flight Instructor Instrument; and Certified Flight Instructor Multi Engine (certificates) in or about 2020.

23.     After graduation, SAMUEL LILLEY was an instructor at ATP until he became employed by SkyLens Ariel Imaging, a role in which he traveled across several states, but his permanent residence was still in Georgia.

24.     For the entirety of SAMUEL LILLEY's schooling and instructing at ATP, as well has his employment with SkyLens he had a Savannah, Georgia permanent residential address, where he intended to and did return when he was not in school or working.

25.     SAMUEL LILLEY later obtained his first employment position as a commercial pilot with PSA AIRLINES, INC. (hereinafter "PSA").

26.     During his PSA service, SAMUEL LILLEY would commute from Savannah, Georgia to Charlotte, North Carolina by use of "non-revenue" flights and "jump seat" to his flight assignments for flights originating out of Charlotte, North Carolina.

27.     At all times relevant, there were and currently are several daily flights each day between Savannah and Charlotte, which SAMUEL LILLEY used to commute between Savannah, Georgia and Charlotte, North Carolina for his employment with PSA by using a cockpit "jump seat" or a "non-revenue" flight.

28.    Eventually, SAMUEL LILLEY temporarily moved to Charlotte, North Carolina area to be closer to his current assignment at that time.

29.    While temporarily residing in North Carolina, SAMUEL LILLEY lived with his fiancée, LYDIA COLES, who was also from the Savannah, Georgia area.

30.    While temporarily residing in Charlotte, North Carolina, SAMUEL LILLEY and LYDIA COLES were engaged to be married, which was planned for October 4, 2025 in Savannah Georgia and had selected the venue for the wedding, earlier on the very day of the subject occurrence, to wit: January 29, 2025.

31.    SAMUEL LILLEY and LYDIA COLES intended to eventually return to reside permanently in the Savannah, Georgia area.

32.    At all times relevant, including up until his death, SAMUEL LILLEY maintained a current and valid Georgia driver's license bearing a Savannah, Georgia address.

33.    At all times relevant, including up until his death, SAMUEL LILLEY's pilot license has borne a Savannah, Georgia address.

34.    At all times relevant, including up until his death, SAMUEL LILLEY was continuously and uninterruptedly a registered voter in the state of Georgia.

35.    At all times relevant, Plaintiff TIMOTHY LILLEY has resided and does reside in Savannah, Georgia.

36.    At all times relevant, DANNAH LILLEY, the lawful mother of SAMUEL LILLEY, has resided and does reside in Richmond Hill, Georgia, near Savannah, Georgia.

37.    Currently, JOSHUA LILLEY, the lawful brother of SAMUEL LILLEY, resides in the Savannah, Georgia area.

8

38. LYDIA COLES has moved back to Pooler, Georgia, near the Savannah, Georgia area, and purchased a residence there after the collision and the death of SAMUEL LILLEY.

39. After the collision, a memorial service was held for SAMUEL LILLEY, deceased, at Georgia Southern Savannah Fine Arts Center in Savannah, Georgia, on or about February 15, 2025.

40. The final resting place of SAMUEL LILLEY, deceased, is Greenwich Cemetery in Savannah, Georgia.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff TIMOTHY LILLEY, Individually and as Independent Administrator of the Estate of SAMUEL LILLEY, deceased, respectfully prays that judgment be entered against the Defendant, UNITED STATES OF AMERICA, for an amount that shall represent full and fair compensation for all recoverable damages as set forth herein, for all available wrongful death and survival economic and noneconomic damages, for prejudgment interest, fees and costs of suit incurred herein, if available, attorney's fees, if available, for all other damages recoverable under applicable law for all beneficiaries listed herein and for all proper beneficiaries under applicable law, and for such other and further relief as the Court may deem just and proper.

Dated: July 21, 2026.

SMITH LACIEN LLP

/s/ *Todd A. Smith*

Todd A. Smith
Bar # 1006900
Matthew S. Leonard
Bar # IL0147
SMITH LACIEN LLP
70 West Madison Street
Suite 2250
Chicago, Illinois 60602
tsmith@smithlacien.com

9